UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON RICHARD GORDON, ) | |
|    Plaintiff/Petitioner ) | |
| ) | |
| ) | |
|              v. ) | C.A. NO. 13-cv-30146-MAP |
| ) | |
| JANET NAPOLITANO, Secretary ) | |
| of Homeland Security; ERIC H. ) | |
| HOLDER, JR., Attorney General ) | |
| of the U.S.; JOHN SANDWEG, ) | |
| Acting Director, Immigration ) | |
| and Customs Enforcement; SEAN ) | |
| GALLAGHER, Acting Director, ) | |
| Immigration and Customs ) | |
| Enforcement; CHRISTOPHER ) | |
| DONELAN, Sheriff of Franklin ) | |
| County; MICHAEL G. BELLOTTI, ) | |
| Sheriff of Norfolk County; ) | |
| STEVEN W. TOMPKINS, Sheriff ) | |
| of Suffolk County; THOMAS M. ) | |
| HODGSON, Sheriff of Bristol ) | |
| County; and, JOSEPH D. ) | |
| MCDONALD, JR., Sheriff of ) | |
| Plymouth County. ) | |
|    Defendants/Respondents ) | |

ORDER REGARDING PLAINTIFF'S PETITION
FOR WRIT OF HABEAS CORPUS, PLAINTIFF'S MOTION FOR A
PRELIMINARY INJUNCTION, and DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 1, 2 & 13)

October 23, 2013

PONSOR, U.S.D.J.

    Plaintiff, a lawful permanent resident being held by the government pursuant to 8 U.S.C. § 1226(c), has brought a petition for writ of habeas corpus seeking an individualized

bond hearing to challenge his immigration detention. Defendants are: Janet Napolitano, Secretary of Homeland Security; Eric Holder, Attorney General; John Sandweg, Acting Director of Immigrations and Customs Enforcement ("ICE"); Sean Gallagher, Acting Field Office Director for the New England Field Office of ICE; Christopher Donelan, Sheriff of Franklin County; Michael Bellotti, Sheriff of Norfolk County; Steven Tompkins, Sheriff of Suffolk County; Thomas Hodgson, Sheriff of Bristol County; and, Joseph McDonald, Jr., Sheriff of Plymouth County.  Plaintiff has also filed a Motion for a Preliminary Injunction (Dkt. No. 2), and Defendants have filed a Motion to Dismiss  (Dkt. No. 13).

   Section 1226(c) requires the government to detain certain non-citizens "when the alien is released."  At issue is whether the "when . . . released" language imposes an immediacy requirement and limits the class of aliens subject to mandatory detention, or whether it merely states the time at which the government can first act.

   Defendants take the position that "when . . . released" is ambiguous, and thus deference to the Board of Immigration

Appeal's ("BIA") interpretation in Matter of Rojas, 23 I&N Dec. 117 (BIA 2001), is required under Chevron v. Nat'l Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). Defendants further argue that the statute does not provide a sanction for the government's delay in acting, and it would thus be inappropriate for the court to impose one. See e.g., U.S. v. Montalvo-Murillo, 495 U.S. 711, 713-14 (1990).

Plaintiff disagrees that the language is ambiguous. In his view, "when . . .released" literally means "at the time of release." Moreover, the BIA's view allows the government to act without limitation after a non-citizen is released, thereby defeating the congressional purpose behind the statute. Since the language and purpose of the statute are clear, no deference to the BIA is required. Finally, under Plaintiff's interpretation, the government does not lose any power since it can still detain a non-citizen under § 1226(a).

This complex question has divided courts around the country. Compare Sylvan v. Att'y Gen. of U.S., 714 F.3d 150 (3d Cir. 2013)(finding that the plaintiff's reading imposed an impermissible sanction for the government's delay in

acting); and Hosh v. Lucero, 680 F.3d 375 (4th Cir. 2012) (deferring to the government's interpretation under Chevron); with Castaneda v. Souza, No. 13-10874-WGY, 2013 WL 3353747 (D. Mass. July 3, 2013)(finding the statute unambiguous and granting habeas relief); and Baquera v. Longshore, No. 13-cv-00543, 2013 WL 2423178, at *4, n.3 (D. Colo. June 4, 2013)(compiling cases finding in favor of the plaintiff's reading).  This court will shortly issue a memorandum providing its detailed perspective on this issue. Ultimately though, the court is persuaded by District Court Judge William G. Young's opinion in Castaneda adopting Plaintiff's reading of the statute, and granting habeas relief.

   Specifically, the plain language of the statute, Congress's intent in enacting the statute, and the structure of the statute unambiguously describe the time at which the government must act to detain a non-citizen under § 1226(c). Even if that language were ambiguous, the BIA's interpretation yields impermissibly absurd results and would not warrant deference.  Finally, the loss of authority cases are not applicable to the statute in question here, since

the government may still act under § 1226(a).

In order to avoid needless delay to Plaintiff while this court's more detailed memorandum is prepared, Plaintiff's individual petition for writ of habeas corpus (Dkt. No. 1) is hereby ALLOWED, Plaintiff's Motion for Preliminary Injunction (Dkt. No. 2) is DENIED without prejudice, and Defendants' Motion to Dismiss is DENIED (Dkt. No. 13).  Defendants are hereby ordered to grant Plaintiff an individualized bond hearing within thirty days of this order.

Also within thirty days, counsel will file a memoranda on the question of whether it is proper for the court to retain the case to resolve the class-wide allegations.

It is So Ordered.

                                        /s/ Michael A. Ponsor
                                        MICHAEL A. PONSOR
                                        U. S. District Judge