UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CLAYTON RICHARD GORDON, on behalf of himself and others similarly situated,<br>   Plaintiff/Petitioner,<br><br>v.<br><br>JEH CHARLES JOHNSON, Secretary of Homeland Security; ERIC H. HOLDER, JR., Attorney General; JOHN SANDWEG, Acting Director, Immigration and Customs Enforcement; SEAN GALLAGHER, Acting Field Director, Immigration and Customs Enforcement; CHRISTOPHER DONELAN Sheriff of Franklin County; MICHAEL G. BELLOTTI, Sheriff of Norfolk County; STEVEN W. TOMPKINS, Sheriff of Suffolk County; THOMAS M. HODGSON, Sheriff of Bristol County; and JOSEPH D. MCDONALD, JR., Sheriff of Plymouth County.<br>   Defendants/Respondents. | C.A. NO. 13-cv-30146-MAP |

ORDER REGARDING
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, PLAINTIFF CESAR
CHAVARRIA RESTREPO'S INDIVIDUAL HABEAS PETITION, AND
DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 16, 99, 102, & 105)

March 27, 2014

PONSOR, U.S.D.J.

    Plaintiffs are individuals who, subsequent to their release from criminal confinement, were taken into

Immigration & Customs Enforcement ("ICE") custody under the mandatory detention provisions of 8 U.S.C § 1226(c). They seek to certify a class of all individuals who are or will be detained under that provision, but who, in their view, were not detained "when . . . released," as the statute requires.

Plaintiff Cesar Chavarria Restrepo, the proposed class representative, also seeks individual relief through his habeas petition. (2d Am. Class Action Compl. & Pet. for Writ of Habeas Corpus, Dkt. No. 99.) The parties have agreed that, if the court orders Plaintiff Chavarria's remedy concurrent with class certification, no further amendment of the complaint to ensure a live controversy will be necessary. (Joint Statement, Dkt. No. 100.)

The sole question this case presents is whether the "when . . . released" language of 8 U.S.C § 1226(c) imposes an immediacy requirement upon the government's power to detain and thus limits the class of individuals subject to mandatory detention, or whether the phrase merely states the time at which the government's power to detain commences -- permitting that power to be exercised at _any_ time

thereafter, no matter how far off. On October 23, 2013, and subsequently on December 31, 2013, this court concluded that "when . . . released" means "at the time of release." Gordon v. Johnson, -- F. Supp. 2d --, 2013 WL 6905352 (D. Mass. Dec. 31, 2013); Gordon v. Napolitano, No. 13-cv-30146, 2013 WL 5774843 (D. Mass. Oct. 23, 2013).

To reach that conclusion, the court first determined that there was no ambiguity in the language -- given its plain meaning, the purpose of the Act, and the structure of the law -- and thus deference to the Board of Immigration Appeal's ("BIA") decision in Matter of Rojas, 23 I&N Dec. 117 (BIA 2001), was not warranted. Gordon, 2013 WL 6905352 at *4-8. The court further held that even if the language were ambiguous, the BIA's interpretation -- finding a complete absence in the statute of any temporal limit on the government's power to detain -- was unreasonable and not entitled to deference.[1] Id. at *8-9.

The court now concludes that, pursuant to Fed. R. Civ. P. 23, class treatment is appropriate. First, each

---

[1] This analysis is applicable to Plaintiff Chavarria, and justifies an individualized bond hearing in his case.

requirement of Rule 23(a) has been satisfied. Defendants do not object to Plaintiffs' numerosity arguments -- anchored on ICE's focus on detaining aliens with criminal convictions, Plaintiffs counsel's investigation at one facility, and a list of 20 current or recent cases in Massachusetts. (Pls' Mem. in Supp., Dkt. No. 17.) Based on the information provided by Plaintiffs, it is reasonable to conclude that the class is over the forty-person threshold generally required in the First Circuit. See George v. Nat'l Water Main Cleaning Co., 286 F.R.D. 168, 173 (D. Mass. 2012). Further, the class is dispersed across different facilities, is inherently transient, and is filled with individual class members unknown (and to some extent unknowable) to Plaintiffs: joinder is therefore impracticable.

The requirements of commonality, typicality, and adequacy are also easily met. A single question of law, previously addressed by the court, binds together the entire class. A single, statutory interpretation governs the answer to the entire case, and no factual differences -- Defendants' disagreement notwithstanding -- will have any

bearing on the analysis of the issues. Plaintiffs' claims are therefore common and typical of the class, and Plaintiff Chavarria is an adequate representative. Plaintiffs' counsel, given their experience in this area of law, are also more than adequate under Rule 23(a)(4) and Rule 23(g).

The class, seeking solely injunctive or declaratory relief, also falls neatly into Rule 23(b)(2). Though the court is reserving judgment at this point as to the availability of injunctive relief under 8 U.S.C § 1252(f)(1), the class will still be entitled, at a minimum, to some form of declaratory judgment. See, e.g., Reid v. Donelan, -- F.R.D. --, 2014 WL 545144 (D. Mass. Feb. 10, 2014). The class can therefore be certified as a Rule 23(b)(2) class.

A final note about the class is necessary. In defining the contours of the class, the court has limited it to all individuals not detained within forty-eight hours of release from criminal custody. It has done this solely to ease the burden on the government, since it may be impractical, or in some instances impossible, to arrange a direct transfer from criminal custody to immigration detention. Nonetheless, in

defining the class in this way, the court is not intending to say that "when . . . released" necessarily permits any gap at all. Instead, any individual detained within that forty-eight hour window is simply not part of this class and will need to seek a separate, individualized remedy.

To permit Plaintiff Chavarria to obtain individual relief, while also avoiding the unnecessary and continual amendment of Plaintiffs' complaint to ensure a live controversy, the court is issuing this order with the expectation that a more detailed memorandum will follow. That memorandum will accompany the court's decision and order, once rendered, on the Plaintiffs' Motions for Summary Judgment. (Dkt. Nos. 83 & 107.)

For these reasons, which are subject to amplification in a further memo, the court hereby ALLOWS Plaintiffs' Motions for Class Certification, (Dkt. Nos. 16 & 102), GRANTS Plaintiff Chavarria's petition for habeas corpus, (Dkt. No. 99), and DENIES Defendants' Motion to Dismiss, (Dkt. No. 105).

Defendants' shall provide Plaintiff Chavarria an individualized bond hearing as detailed in the parties'

joint submissions. (Dkt. No. 100.) The court also hereby certifies the following class:

> all aliens who are or will be detained in Massachusetts under 8 U.S.C § 1226(c), whom the government alleges to be subject to a ground of removability as described in 8 U.S.C § 1226(c)(1)(A)-(D), and who were not taken into immigration custody within forty-eight hours (or, if a weekend or holiday intervenes, within no more than five days) of release from the relevant predicate custody.

Plaintiff Chavarria is appointed class representative, and Attorneys Adrianna Lafaille, Matthew Segal, Jessie Rossman, Judy Rabinovitz, Eunice Lee, Michael Tan, and Elizabeth Badger are appointed class counsel.

It is So Ordered.

/s/ Michael A. Ponsor

MICHAEL A. PONSOR
U. S. District Judge